IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:10cr30/MCR

ROBERT E. BOURLIER
and
VICTORIA BOURLIER

_____/

## O R D E R

Pending before the court is Defendant Robert E. Bourlier's Motion to Dismiss the Indictment (doc. 80), and the Government's Response (doc. 101). Bourlier, a physician, is charged in a one-hundred-and-fifty-one count indictment consisting of substantive charges of executing a scheme to defraud health care benefit programs, in violation of 18 U.S.C. §§ 1347(1),(2) and 1349; dispensing controlled substances and dispensing and distributing controlled substances resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D), (b)(2) and 18 U.S.C. § 2; and criminal forfeiture, in violation of 18 U.S.C. § 982(a)(7). Bourlier moves to dismiss the indictment as insufficient and on grounds that the Controlled Substances Act is unconstitutionally vague as applied to him.[1] The Government opposes the motion. Having fully considered the arguments of the parties, the motion is DENIED.

The court may dismiss a criminal prosecution on grounds of "a defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B). However, an indictment is sufficient as long as it sets forth "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Eleventh Circuit instructs that "[a]n indictment is sufficient if it (1) presents the essential elements of the charged offense; (2) notifies the accused of the charges to be defended against, and (3) enables

---

[1] Bourlier's arguments in the motion to dismiss all relate to the controlled substances charges; he sets forth no arguments challenging as insufficient the counts related to medicare fraud (counts 1-20).

the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (en banc). The general rule is that the sufficiency of the indictment should be determined from the face of the indictment, and an indictment is sufficient if it charges the language of the statute. *See United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992); *United States v. Hernandez*, No. 07-60027, 2007 WL 2915854, at *5 (S.D. Fla. 2007). For purposes of this analysis, the allegations of the indictment must be taken as true. *United States v. Nat'l Dairy Prods. Co*rp., 372 U.S. 29, 33 n.2 (1952); *see also Hernandez*, 2007 WL 2915854, at *5.

The charges against Bourlier under the Controlled Substances Act ("CSA") sufficiently present the essential elements of the crime charged. The CSA makes it unlawful to knowingly or intentionally dispense a controlled substance, "[e]xcept as authorized by this subchapter." 21 U.S.C. § 841(a)(1). Settled precedent indicates that a physician may be prosecuted pursuant to 21 U.S.C. § 841(a)(1). *See Moore v. United States*, 423 U.S. 122 (1975); *see generally United States v. Harrison*, 628 F.2d 929, 930 (5th Cir. 1980).[2] An authorized exception provides that persons registered by the Attorney General to dispense controlled substances may do so to the extent authorized by their registration, 21 U.S.C. § 822(b), and pursuant to this exception, a physician may lawfully prescribe a controlled substance "for a legitimate medical purpose" if acting in the "usual course of his professional practice." 21 C.F.R. § 1306.04(a). A purported prescription, not issued in the usual course of professional treatment or in legitimate and authorized research, is not a valid prescription within the meaning and intent of the CSA, and a person knowingly issuing or filling a purported prescription shall be subject to the penalties provided with regard to controlled substances. *Id.* An indictment, however, need not

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case No. 3:10cr30/MCR

negate this exemption.³  *See* 21 U.S.C. § 885(a)(1) ("It shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any complaint, information, indictment"); *see also Steele*, 147 F.3d at 1317 (stating that for pleading purposes, whether the action was taken in the course of professional practice is a defense and not an element of the offense).  The indictment here sufficiently alleges the language of the statute – i.e., that Bourlier knowingly and intentionally dispensed controlled substances in violation of § 841(a)(1).  It also satisfies the requirement that the indictment provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1), and adequate notice of the crimes charged.  The indictment adds additional detail as well, asserting that Bourlier's scheme involved using his medical practice to distribute specific controlled substances on certain specified dates through prescriptions without determining whether there was a sufficient medical necessity for the prescription, and the prescriptions were made "outside the usual course of professional practice" and "in quantities and dosages that would cause patients to abuse, misuse or become addicted to the controlled substance." (Doc. 3.)  Because the essential facts, charges, and elements of the offenses charged are plainly stated in the indictment, Bourlier could rely on a judgment under this indictment as a bar to any subsequent prosecution for the same offense.

Bourlier argues that the Government cannot make a case against him under the Supreme Court's interpretation of the CSA unless the prescription was "an outright sham." (Doc. 80.)  This argument, however, reveals no defect in the indictment; it is effectively a challenge to the sufficiency of the evidence, which must await trial.  Determining what conduct lies beyond the bounds of professional medical practice is a task for the jury and therefore is not a proper subject of a motion to dismiss.  *See United States v. Quinones*, 536 F. Supp.2d 267, 272 (E.D.N.Y. 2008); *Hernandez*, 2007 WL 2915854, at *6 (citing *Moore*, 423 U.S. at 142).

---

³ This order deals only with the pleading standard for determining the sufficiency of the indictment. Once Bourlier goes forward with evidence that he acted in the course of professional practice, the court will ensure that the burden of proof remains with the Government.  *See United States v. Merrill*, 513 F.3d 1293, 1306 (11th Cir. 2008); *United States v. Williams*, 445 F.3d 1302, 1309 (11th Cir. 2006), *abrogated on other grounds, United States v. Lewis*, 492 F.3d 1219 (11th Cir. 2007) (en banc).

Bourlier also argues that the CSA is unconstitutionally vague as applied to him because of the lack of a national medical standard. This argument is foreclosed by *United States v. Collier*, 478 F.2d 268, 271-72 (5th Cir. 1973), in which the former Fifth Circuit, in an opinion that is binding on this court, held that the CSA is not vague, though it necessarily reserves "a certain latitude of available options" for the medical treatment to the judgment of a physician. The court stated in *Collier* that a physician may not, "under the guise of treatment," sell to a drug dealer or distribute drugs "intended to cater to cravings of an addict," but noted that statutes "need not delineate the precise circumstances constituting the bounds of permissible [medical] practice" because a physician must be permitted to make a professional judgment about treatment based on the circumstances. *Id.* at 272; *see United States v. Ignasiak*, 3:08cr27, 2008 WL 3852325, at *1 (N.D. Fla. 2008). "'[W]hat constitutes *bona fide* medical practice must be determined upon consideration of evidence and attending circumstances.'" *Collier*, 478 F.2d at 272 (quoting *Linder v. United States*, 268 U.S. 5, 18 (1925)); *see also United States v. Birbragher*, 603 F.3d 478, 488-89 (8th Cir. 2010) (citing *Collier* and holding the CSA is not unconstitutionally vague); *Quinones*, 536 F. Supp.2d at 274 (holding § 841(a)(1) is not unconstitutionally vague). The CSA includes a sufficiently objective meaning that prevents arbitrary prosecution and conviction – "Neither the government nor the jury is free to impose its own subjective views about what is and is not appropriate; rather, the government is obliged to prove, and the jury constrained to determine, what the medical profession would generally do in the circumstances." *Quinones*, 536 F. Supp.2d at 274. The CSA is not unconstitutionally vague as applied to Bourlier.

In a related argument, Bourlier asserts that the Supreme Court's more recent interpretation of the CSA indicates that the Attorney General lacks the authority to decide what constitutes a legitimate medical purpose for a prescription and has not set a national medical standard to guide physicians' conduct, citing *Gonzales v. Oregon*, 546 U.S. 243 (2006); therefore the prosecution amounts to an impermissible criminal prosecution for malpractice. In *Gonzales*, the Attorney General had declared by rule that assisted suicide was not a legitimate medical purpose within the meaning of the CSA, despite state law

specifically authorizing the practice, and the Court held that a rule declaring physician-assisted suicide a crime went well beyond the Attorney General's statutory rulemaking power. *Id.* at 258-61. The Court expressly acknowledged that the CSA presumes and relies on a functioning medical profession regulated under the police powers of the states. *Id.* at 270. The Court noted that Congress has not manifested any intent to regulate medicine to the exclusion of state law standards and that, although the federal government can set federal standards, the CSA has done so only with regard to the treatment of addicts. *Id.* at 270-71. Nevertheless, the Attorney General retains authority to evaluate compliance with the federal law (which requires consideration of state and federal medical standards) in deciding whether to prosecute. *Id.* at 264. That is all that has occurred in this case: the Government has exercised its power to evaluate Bourlier's compliance with the CSA and decide whether to prosecute. This indictment does not attempt to define medical standards nor does it present a criminal prosecution for "malpractice," as Bourlier asserts; the Government will be required to prove the essential elements that Bourlier intentionally and knowingly dispensed controlled substances and that his "actions were not for legitimate medical purposes in the usual course of professional medical practice or were beyond the bounds of professional medical practice," as set forth under the CSA. *United States v. Merrill*, 513 F.3d 1293, 1306 (11th Cir. 2008); *see also United States v. Williams*, 445 F.3d 1302, 1308 (11th Cir. 2006) (stating "[t]here is no authority in this circuit or in any other circuit holding that evidence of noncompliance with the civil standard of care is inadmissible to prove that the action at issue was also outside the course of professional medical practice), *abrogated on other grounds, United States v. Lewis*, 492 F.3d 1219 (11th Cir. 2007) (en banc).

Accordingly, it is hereby ORDERED that Defendant Robert Bourlier's motion to dismiss the indictment (doc. 80) is DENIED.

**DONE and ORDERED** this 4th day of January, 2011.

                               s/ *M. Casey Rodgers*
                               **M. CASEY RODGERS**
                               **UNITED STATES DISTRICT JUDGE**