*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:10cr30-001/MCR - ROBERT E. BOURLIER*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

### UNITED STATES OF AMERICA

-vs-                                        **Case # 3:10cr30-001/MCR**

**ROBERT E. BOURLIER**

**USM # 07366-017**

**Defendant's Attorney:**
**Donald M. Sheehan (Appointed)**
**1500 West Garden Street**
**Pensacola, Florida 32502**

---

### JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1, 3-4, 6-7, 9-30, 32, 34-50, 52-64, and 66-150 of the Indictment on May 24, 2011. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 1347(1) and (2) and 1349 | Knowingly and Willfully Executing a Scheme to Defraud Health Care Benefit Programs | July 13, 2005 | 1 |
| | | August 24, 2005 | 3 |
| | | February 22, 2006 | 4 |
| | | July 11, 2006 | 6 |
| | | July 19 2006 | 7 |
| | | November 21, 2006 | 9 |
| | | February 20, 2007 | 10 |
| | | June 2, 2007 | 11 - 13 |
| | | June 27, 2007 | 14 |
| | | September 5, 2007 | 15 - 17 |
| | | September 12, 2007 | 18 |
| | | October 24, 2007 | 19 |
| | | March 12, 2008 | 20 |

Rec'd1028'11UsDcFln3PM0559

| 21 U.S.C. §§ | Knowingly and Intentionally |
|---|---|
| 841(a)(1), | Dispensing, and Causing |
| (b)(1)(C), (b)(1)(D) | to be Dispensed, Controlled |
| and (b)(2) and 18 | Substances |
| U.S.C. § 2 | |

| | |
|---|---|
| April 4, 2005 | 21 |
| April 27, 2005 | 22 |
| May 3, 2005 | 23 |
| May 9, 2005 | 24 |
| May 18, 2005 | 25 |
| May 26, 2005 | 26 |
| June 27, 2005 | 27 |
| June 2, 2005 | 28 |
| June 13, 2005 | 29 |
| June 29, 2005 | 30 |
| July 22, 2005 | 32 |
| August 25, 2005 | 34 |
| September 7, 2005 | 35 |
| August 16, 2005 | 36 |
| August 17, 2005 | 37 |
| September 21, 2005 | 38 |
| October 10, 2005 | 39 |
| October 22, 2005 | 40 |
| November 10, 2005 | 41 |
| November 28, 2005 | 42 |
| December 12, 2005 | 43 |
| December 28, 2005 | 44 |
| January 14, 2006 | 45 |
| January 19, 2006 | 46 |
| February 25, 2006 | 47 |
| February 2, 2006 | 48 |
| March 12, 2006 | 49 |
| February 24, 2006 | 50 |
| April 2, 2006 | 52 |
| March 17, 2006 | 53 |
| March 16, 2006 | 54 |
| March 24, 2006 | 55 |
| April 11, 2006 | 56 |
| April 26, 2006 | 57 |
| May 30, 2006 | 58 |
| May 2, 2006 | 59 - 60 |
| May 3, 2006 | 61 |
| May 5, 2006 | 62 |
| May 6, 2006 | 63 |
| May 17, 2006 | 64 |
| May 31, 2006 | 66 |
| June 5, 2006 | 67 |
| June 9, 2006 | 68 |
| June 26, 2006 | 69 |
| June 27, 2006 | 70 - 71 |
| June 28, 2006 | 72 |
| July 3, 2006 | 73 - 74 |
| July 5, 2006 | 75 |
| August 10, 2006 | 76 |
| July 10, 2006 | 77 |
| August 9, 2006 | 78 |
| July 26, 2006 | 79 |

| 21 U.S.C. §§ | Knowingly and Intentionally | July 26, 2006 | 80 |
|---|---|---|---|
| 841(a)(1), | Dispensing, and Causing | July 27, 2006 | 81 |
| (b)(1)(C), (b)(1)(D) | to be Dispensed, Controlled | September 26, 2006 | 82 |
| and (b)(2) and 18 | Substances | August 22, 2006 | 83 |
| U.S.C. § 2 | | August 10, 2006 | 84 |
| | | August 16, 2006 | 85 |
| | | September 29, 2006 | 86 |
| | | September 5, 2006 | 87 |
| | | September 27, 2006 | 88 |
| | | October 3, 2006 | 89 |
| | | October 17, 2006 | 90 |
| | | November 10, 2006 | 91 |
| | | November 17, 2006 | 92 |
| | | November 21, 2006 | 93 - 94 |
| | | December 21, 2006 | 95 |
| | | December 15, 2006 | 96 |
| | | December 18, 2006 | 97 - 98 |
| | | January16, 2007 | 99 |
| | | January 5, 2007 | 100 |
| | | March 10, 2007 | 101 |
| | | May 18, 2007 | 102 -103 |
| | | January 16, 2007 | 104 |
| | | June 4, 2007 | 105 |
| | | February 6, 2007 | 106 |
| | | February 5, 2007 | 107 |
| | | March 1, 2007 | 108 |
| | | February 15, 2007 | 109 |
| | | February 19, 2007 | 110 |
| | | March 1, 2007 | 111 |
| | | February 20, 2007 | 112 |
| | | March 10, 2007 | 113 |
| | | March 15, 2007 | 114 |
| | | April 5, 2007 | 115 -116 |
| | | July 25, 2007 | 117 |
| | | April 24, 2007 | 118 |
| | | May 4, 2007 | 119 |
| | | May 7, 2007 | 120 |
| | | May 14, 2007 | 121 |
| | | May 15, 2007 | 122 |
| | | September 25, 2007 | 123 |
| | | June 26, 2007 | 124 |
| | | June 29, 2007 | 125 |
| | | October 19, 2007 | 126 |
| | | July 16, 2007 | 127 |
| | | July 26, 2007 | 128 |
| | | July 23, 2007 | 129 |

| | | | |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D) and (b)(2) and 18 U.S.C. § 2 | Knowingly and Intentionally Dispensing, and Causing to be Dispensed, Controlled Substances | July 24, 2007<br>July 30, 2007<br>August 7, 2007<br>August 31, 2007<br>August 16, 2007<br>August 20, 2007<br>August 27, 2007<br>September 18, 2007<br>September 19, 2007<br>September 25, 2007<br>September 27, 2007<br>October 2, 2007<br>October 3, 2007<br>October 15, 2007<br>October 23, 2007<br>October 24, 2007<br>March 18, 2008 | 130<br>131<br>132<br>133 - 134<br>135<br>136<br>137<br>138<br>139<br>140<br>141<br>142<br>143<br>144<br>145<br>146 - 147<br>148 |
| 21 U.S.C. § 841(a)(1), (b)(1)(C) and 841(b)(2), and 18 U.S.C. § 2 | Knowingly and Intentionally Dispensing, and Causing to be Dispensed, Controlled Substances, Involving a Quantity of Methadone and Alprazolam, Resulting in Death | September 18, 2006 | 149 |
| 21 U.S.C. § 841(a)(1), (b)(1)(D) and 841(b)(2), and 18 U.S.C. § 2 | Knowingly and Intentionally Dispensing, and Causing to be Dispensed, Controlled Substances, Involving a Quantity of Hydrocodone and Alprazolam, Resulting in Death | August 30, 2007 | 150 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

On May 25, 2011, the court entered a Judgment of Acquittal on Jury Verdict (doc. #291) as to Counts 5, 8 and 51 based upon the jury's verdict of not guilty and a mistrial being declared as to Counts 2, 31, 33 and 65.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
October 12, 2011

M. Casey Rodger

M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE

Date Signed: October 28, 2011

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a **total term of 360 months.** This consists of 360 months as to Count 149; 120 months as to Counts 1, 3, 4, 6, 7 and 9 through 20; 240 months as to Counts 21 through 30, 32, 34 through 50, 52 through 64 and 66 through 148; and 60 months as to Count 150. All terms of imprisonment shall run concurrently, one with the other.

The court recommends to the Bureau of Prisons that the defendant be designated to a Federal Medical Center; specifically, FMC Lexington, Kentucky, or as close to Brunswick, Georgia as the BOP can reasonably accommodate. If the BOP determines the defendant does not need to be housed at a federal medical center, or if he is designated to a federal medical center and at some point is deemed fit enough to leave that federal medical center and be transferred to another federal correctional institution, the court strongly recommends that the defendant be designated to a federal prison camp as opposed to a correctional institution.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to each count of conviction, said terms to run concurrently, one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1.  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  the defendant shall support his or her dependents and meet other family responsibilities;

5.  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11.     the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12.     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13.     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.     if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.     Any unpaid restitution balance shall be paid in monthly installments of not less than $500 to commence within three months of the defendant's release from imprisonment.

2.     The defendant shall provide the probation officer with access to any and all requested financial information, business as well as personal.

3.     The defendant shall not dispose of any asset, or his interest in any asset, without the prior approval of the probation office unless he has satisfied his financial obligations.

4.     The defendant shall participate in a program of mental health counseling and/or treatment.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

______________________________ __________
Defendant Date

______________________________ __________
U.S. Probation Officer/Designated Witness Date

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
| --- | --- | --- |
| $14,300.00 | Waived | $32,562.30 |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$14,300.00** is imposed.

### FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of **$32,562.30** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| Medicare<br>Attn: Legal Department<br>532 Riverside Avenue, 20th Floor<br>Jacksonville, Florida 32202-4914 | $1,795.30 |
| Medicaid<br>Attn: Medicaid Accounts Receivable MS #14<br>Agency for Health Care Administration<br>2727 Mahan Drive, Building 2, Suite 200<br>Tallahassee, Florida 32308 | $4,135.08 |
| Blue Cross Blue Shield of Florida<br>c/o Robert Bunch<br>4800 Deerwood Campus Parkway, DC 4-1<br>Jacksonville, Florida 32446 | $25,185.92 |
| Sheila Scott<br>(address maintained confidentially) | $1,446.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

The Court ordered that restitution be paid first to Sheila Scott out of any monies collected from the defendant before the insurance companies are paid.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**
**Fine: Waived   SMA: $14,300.00   Restitution: $32,562.30   Cost of Prosecution: None**

**The $14,300.00 monetary assessment shall be paid immediately.**  Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program.  The remaining balance shall be paid as follows: In monthly installments of not less than $500.00 over a period of supervised release  to commence within 3 months after release from imprisonment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n).  Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due.  The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

**Preliminary Order of Forfeiture, including a
monetary judgment in the amount of $500,000.00
entered on October 14, 2011 (doc. #324)**