IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  3:10cr30/MCR/EMT
                3:14cv609/MCR/EMT

ROBERT E. BOURLIER

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (doc. 451). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant was charged in a 150-count indictment with twenty counts of executing a scheme to defraud health care benefits programs, 128 counts of unlawfully dispensing a controlled substance, and two counts of dispensing a controlled substance resulting in death. A jury found him guilty of 143 of the 150 charged counts. The court sentenced Defendant to a total term of 360-months imprisonment. The Eleventh Circuit affirmed Defendant's convictions on May 15, 2013 (doc. 425). Defendant filed the instant motion to vacate pursuant to the prison mailbox rule[1] on

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557

October 20, 2014 (doc. 451 at 13, 28, 35). Defendant asserts he is entitled to a new trial based on the Supreme Court's decision in Burrage v. United States, 134 S. Ct. 888 (2014). In Burrage, the Supreme Court interpreted the "death results" enhancement set forth in 21 U.S.C. § 841(b)(1)(C), and held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. 841(b)(1)(C) unless such use is a *but-for* cause of the death or injury." Burrage, 134 S. Ct. at 892 (emphasis added). Defendant claims that this element was not proven in his case.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because Defendant did not file a petition for a writ of certiorari with the United States Supreme Court, his judgment of conviction became final on the date on which his time for filing such a petition expired (i.e., ninety days after the entry of the court of appeals' judgment).[2] Clay v. United States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002); Hill v. United States, 444 F. App'x 419 (11th Cir. 2011). Therefore, Defendant's judgment of conviction became final on August 15, 2013, and to have been timely filed, his § 2255

---

F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

[2] The issuance of the mandate has no bearing on when the time expires for filing a petition for certiorari. Clay v. United States, 537 U.S. 522, 525 (2008).

motion had to be filed no later than August 15, 2014 . As noted above, his motion was not filed until October 20, 2014. Thus, it is facially untimely.

Defendant claims that his motion is timely under § 2255(f)(3) in light of the Supreme Court's January 2014 decision in Burrage. The Court's holding in Burrage did not set forth a new rule of constitutional law. Furthermore, even if it had, the Supreme Court has not expressly held that its holding in Burrage is retroactively applicable to cases on collateral review. *See* Alvarez v. Hastings, No. CV214-070, 2014 WL 4385703, at *1 (S.D. Ga. Sept. 5, 2014) (citing Eleventh Circuit's decision denying petitioner's application for leave to file second or successive 2255 motion based on Burrage, implicit in which is the conclusion that Burrage is not retroactively applicable); *see also* De La Cruz v. Quintana, No. 14–28–KKC, 2014 WL 1883707, at *6 (E.D. Ky. May 1, 2014) (unable to find any authority making Burrage retroactively applicable); Taylor v. Cross, No. 14–cv–304, 2014 WL 1256371, at *3 (S.D. Ill. Mar. 26, 2014) (Burrage has not been found to apply retroactively); In re: Carlos Alvarez, No. 14–10661–D (11th Cir. Mar. 6, 2014) (denying application for leave to file a second or successive § 2255 motion based on Burrage because the Supreme Court "did not expressly hold that Burrage is retroactive[ly applicable to cases] on collateral review."); Powell v. United States, No. 3:09CV2141(EBB), 2014 WL 5092762, at *2 (D. Conn. Oct. 10, 2014). Finally, the court notes that the jury in Defendant's case was properly instructed in this case under Burrage, as it was required to find that "*but for* the decedents' use of the charged controlled substance(s). . . the decedents would not have died" (*see* doc. 279 at 23 (emphasis added); *see also* Smith v. Wilson, No. 14-CV-0510, 2014 WL 5489244, at *2 (D. Minn. Oct. 30, 2014) (denying petitioner's claim under § 2241 because, since petitioner's jury was correctly instructed, he was not "actually innocent" under Burrage)).

Ordinarily, the court would next carefully examine the issue of equitable tolling. Equitable tolling is appropriate when a Section 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). However, Defendant's motion, which is based solely on the Burrage decision, does not suggest any

basis for invoking the doctrine of equitable tolling.  Accordingly, Defendant's § 2255 motion should be summarily denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The motion to vacate, set aside, or correct sentence (doc. 451) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6th day of November 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).