IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.:   3:10cr30/MCR/EMT
                                                        3:15cv310/MCR/EMT
ROBERT E. BOURLIER

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (doc. 479). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

### BACKGROUND and ANALYSIS

Defendant was charged in a 150-count indictment with twenty counts of executing a scheme to defraud health care benefits programs, 128 counts of unlawfully dispensing a controlled substance, and two counts of dispensing a controlled substance resulting in death. A jury found him guilty of 143 of the 150 charged counts. The court sentenced Defendant to a total term of 360-months imprisonment. The Eleventh Circuit affirmed Defendant's convictions on May 15, 2013 (doc. 425). Defendant did not file a petition for certiorari, and his time for doing so elapsed in August of 2013.

Defendant filed his first motion to vacate in October of 2014 (doc. 451). In that motion, he asserted that he was entitled to a new trial based on the Supreme Court's decision in Burrage v.

United States, 134 S. Ct. 888 (2014).  In Burrage, the Supreme Court interpreted the "death results" enhancement set forth in 21 U.S.C. § 841(b)(1)(C), and held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. 841(b)(1)(C) unless such use is a *but-for* cause of the death or injury."  Burrage, 134 S. Ct. at 892 (emphasis added).  Defendant claimed that this element was not proven in his case.

Defendant maintained that his motion was timely-filed under § 2255(f)(3), in light of the Supreme Court's January 2014 decision in Burrage.  This court denied Defendant's motion as untimely, finding that the Court's holding in Burrage did not set forth a new rule of constitutional law (*see* docs. 454, 456).  The court noted that, additionally, the Supreme Court had not expressly held that its holding in Burrage is retroactively applicable to cases on collateral review, a conclusion that does not appear to have changed in the interim.  *See* Floyd v. United States, Case Nos. 8:14-cv-2290-T-27AEP, 8:12-CR-T-27AEP, 2015 WL 1257397 (M.D. Fla. Mar. 18, 2015); *see also* Alvarez v. Hastings, No. CV214-070, 2014 WL 4385703, at *1 (S.D. Ga. Sept. 5, 2014) (citing an Eleventh Circuit decision denying petitioner's application for leave to file second or successive 2255 motion based on Burrage, implicit in which is the conclusion that Burrage is not retroactively applicable); *see also* De La Cruz v. Quintana, No. 14–28–KKC, 2014 WL 1883707, at *6 (E.D. Ky. May 1, 2014) (unable to find any authority making Burrage retroactively applicable); Taylor v. Cross, No. 14–cv–304, 2014 WL 1256371, at *3 (S.D. Ill. Mar. 26, 2014) (Burrage has not been found to apply retroactively); In re: Carlos Alvarez, No. 14–10661–D (11th Cir. Mar. 6, 2014) (denying application for leave to file a second or successive § 2255 motion based on Burrage because the Supreme Court "did not expressly hold that Burrage is retroactive[ly applicable to cases] on collateral review."); Powell v. United States, No. 3:09CV2141(EBB), 2014 WL 5092762, at *2 (D. Conn. Oct. 10, 2014).

In the instant motion, Defendant again seeks relief under Burrage, in a motion that is in many respects identical to his previous filing.  Defendant again claims that the medical treatment he provided did not result in the death of two individuals as charged (doc. 479 at 21).  Defendant seeks to excuse his untimely filing by virtue of the fact that he did not obtain the necessary trial transcripts until March 11, 2015 (*see* doc. 479 at 1, 12).

Defendant's motion, filed pursuant to the prison mailbox rule on July 7, 2015 (doc. 479 at 13)[1] is clearly untimely.  Defendant's reference to his receipt of the trial transcripts in his case is an apparent attempt to invoke the doctrine of equitable tolling.  Equitable tolling is only appropriate when a Section 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances."  Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief.  Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.  United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)).

In this case, Defendant's initial motion was based solely on the Burrage decision and did not suggest any basis for invoking the doctrine of equitable tolling.  Defendant has now filed a motion raising the same claim for relief that is virtually identical to his previous submission.  Paragraphs and even pages of the initial motion are repeated in the newly-filed § 2255 motion, although some formatting errors are apparent.[2]  Defendant's suggestion that he was prevented from timely filing the instant motion because he did not have the trial transcripts in his case is disingenuous.  There

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

[2] For instance, although they are sequentially numbered, the contents of pages 7 and 8 have been transposed (compare doc. 451 at 20–21 with doc. 479 at 20–21).

are no specific record citations that would support Defendant's suggestion that the transcripts were necessary to his preparation of the instant motion. Accordingly, his attempt to invoke the doctrine of equitable tolling is not justified, and Defendant's § 2255 motion should be summarily denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The motion to vacate, set aside, or correct sentence (doc. 479) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 16th day of July 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.